UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE DANIEL ORELLANA JUAREZ<br>    Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility<br>PATRICIA HYDE, Field Office Director,<br>TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement,<br>and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>    Respondents. | Case No. _____<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

1. Petitioner Jose Daniel Orellana Juarez is a citizen of Guatemala. He resides in Massachusetts.

2. On information and belief, Mr. Orellana Juarez has never been charged with or convicted of any crime.

3. Mr. Orellana Juarez has been continuously present in the United States for more than two years.

4. Mr. Orellana Juarez was arrested in Massachusetts by U.S. Immigration and Customs Enforcement ("ICE") on or about May 5, 2025.

5. Ordinarily, people arrested by ICE are served a Notice to Appear ("NTA") and placed into removal proceedings in the Immigration Court. Removal proceedings contain certain procedural protections required by the applicable statutes and regulations. The person attends hearings before

1

an Immigration Judge and, if he or she is found removable, may apply for various forms of relief from removal. The decision of the Immigration Court is subject to appellate review by the Board of Immigration Appeals (the "BIA") and then via a petition for review to U.S. Court of Appeals. While the removal proceeding is pending, people without a criminal record or involvement in terrorism are constitutionally entitled to a bond hearing with certain procedural protections, which may result in their release for the pendency of the proceeding. *See* 8 U.S.C. § 1226; *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) (for Section 1226(a) detainees, due process requires a bond hearing in which government bears burden of proof to show flight risk or dangerousness); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment of same).

6. In certain narrow circumstances, there is an alternative process called Expedited Removal. *See* 8 U.S.C. § 1225(b). Expedited Removal orders are issued without the typical process in the Immigration Court. Expedited removal orders are issued by an immigration enforcement official, not by an Immigration Judge. Expedited removal orders are not subject to appeal to the BIA and U.S. Court of Appeals. The potential forms of relief from the expedited removal process are much narrower and essentially require a showing of credible fear of return to the destination country, and adverse findings on credible fear are subject only to a limited review by an Immigration Judge without further review by the BIA. On information and belief, the government takes the position that people in expedited removal proceedings are not eligible for a bond hearing, but are rather mandatorily detained. *See* 8 U.S.C. § 1225.

7. One important limitation on Expedited Removal is that, as a matter of law, it cannot be applied to people who have been present in the United States for two years or more. *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(II) (expedited removal limited to noncitizens who, among other things, have

"not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph").

8. With hours after arrest on May 5, Mr. Orellana Juarez was issued an Expedited Removal order, and is currently being subjected to mandatory detention pursuant to that order.

9. On information and belief, between the time of his arrest and the issuance of the Expedited Removal Order, Mr. Orellana Juarez had no opportunity to consult with or be represented by counsel, and had no opportunity to gather or present evidence to the immigration officer.

10. Because Mr. Orellana Juarez has been present in the United States for longer than two years, it is unlawful for the government to order him to be subjected to Expedited Removal or detain him on that basis.

11. Because Mr. Orellana Juarez was unlawfully issued an immediate Expedited Removal order, he was never issued an NTA and he has been unlawfully denied all required process in the Immigration Court, all potential appeals from that process, and access to certain forms of relief from removal that would be potentially available in the Immigration Court.

12. Because Mr. Orellana Juarez was unlawfully issued an Expedited Removal order, he is being unlawfully denied access to a bond hearing and potential release on bond.

13. On May 6, after Mr. Orellana Juarez received the Expedited Removal order, he was allowed to contact and engage immigration counsel.

14. On May 7, Mr. Orellana Juarez's immigration counsel provided ICE with evidence that Mr. Orellana Juarez has been present in the United States for more than two years. On information and belief, ICE has not rescinded the Expedited Removal order or taken any other action in response to that information.

15. On May 7, Mr. Orellana Juarez's immigration counsel informed ICE that Mr. Orellana Juarez has a fear of persecution upon return to Guatemala, and requested a credible fear interview with an asylum officer. On information and belief, ICE has not scheduled a credible fear interview or taken any other action in response to that information.

16. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

17. Venue is proper because Petitioner resides in Massachusetts is detained in the Plymouth County Correctional Facility, in Plymouth, MA, and on information and belief is detained in the District of Massachusetts.

18. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is petitioner's immediate custodian.

19. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

20. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

21. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

22. All respondents are named in their official capacities.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

23. On information and belief, Petitioner is currently being detained and subjected to Expedited Removal in violation of his constitutional rights to due process of law.

24. Petitioner cannot be detained for, or subjected to, Expedited Removal because he has been continuously present in the United States for greater than two years.

25. The Expedited Removal statute largely "precludes judicial review," and therefore challenges to "confinement and removal" under that statute fall within the "core" of the writ of habeas corpus. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006-07 (2025); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, (2020) (holding attempt "to obtain additional administrative review of his asylum claim" after Expedited Removal order was outside the "core" of habeas relief).

26. Accordingly, to the extent 8 U.S.C. § 1252(e)(2) purports to preclude habeas review of whether Petitioner is ineligible for detention and removal via Expedited Removal due to the length of his presence in the United States, that limitation violates the Suspension Clause and is void and without effect.

27. Indeed, if there were no judicial review whatsoever of the immigration agencies' determinations that people have been present for less than two years, then the immigration agencies would be free to find that essentially any arrested noncitizen without status is subject to Expedited Removal, in direct violation of the procedures and safeguards required for removal proceedings by the laws and Constitution of the United States.

28. Even assuming Petitioner is eligible for detention for removal proceedings, he has not been served with any NTA to initiate any such proceedings, and he has not been provided any opportunity to receive a bond hearing to which is he entitled during any such proceedings. The only current basis for Petitioner's detention and potential deportation—Expedited Removal—is one that categorically does not apply to him.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(6) Grant any further relief this Court deems just and proper.

Respectfully submitted,

*/s/Leslie Feldman-Rumpler*
Leslie Feldman-Rumpler
Attorney-at-Law
BBO # 555792
4 Cypress Street, Ste. 7
Brookline, MA  02445
(617) 728-9944
Leslie@feldmanrumplerlaw.com

*Counsel for Petitioner*

Dated: May 8, 2025